FILED

2012 FEB 10 PM 1: 13

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Jason A. Gaza )
      Plaintiff )
       ) CIVIL ACTION
vs. ) FILE NO. 8:12 CV 291T 35 TGW
       )
Suncoast Schools Federal Credit Union )
      Defendant )

## COMPLAINT

Plaintiff, Jason A. Gaza, brings this action against Defendant, Suncoast Schools Federal Credit Union (hereinafter "Suncoast") on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding the collection of consumer debts. Plaintiff, an individual, institutes this action for actual damages, statutory damages against the Defendant, and the costs of this action Jointly and Severally against the Defendant for multiple violations of the Fair Credit Reporting Act (hereinafter FCRA) 15 U.S.C. § 1681, the Telephone Consumer Protection Act (hereinafter "TCPA") 27 U.S.C. § 227 et seq. and the Florida Deceptive and Unfair Trade Practices (hereinafter "FDUTP") Florida Statute 501.

### II. PARTIES

1

1. Plaintiff is a natural person residing in Spring Hill, Pasco County, Florida.

2. Defendant, Suncoast, is a Federal Credit Union engaged in the finance industry with it's principal place of business located at 6801 E. Hillsborough Avenue, Tampa, Florida 33610.

3. Defendant, Suncoast, may be served upon its principal place of business located at 6801 E. Hillsborough Avenue, Tampa, Florida 33610.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by the FCRA 15 U.S.C. § 1681, 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

5. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## IV. STATUTORY STRUCTURE FCRA

6. Under the FCRA, 15 U.S.C. § 1681s-2 (623), an information furnisher shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

7. Under the FCRA, 15 U.S.C. § 1681s-2 (623), a consumer has the right to dispute items on a credit report directly with the information furnisher and the

information furnisher must respond within 30-45 days.

8. Under FCRA, 15 U.S.C. § 1681n (616), any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of not less than $100 and not more than $1000.

### V. STATUTORY STRUCTURE TCPA

9. The Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), amended the Federal Communications Act, 47 U.S.C. § 151, et seq. ("FCA"), to address the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages received by cell phones, and the use of fax machines to send unsolicited advertisements.

10. Under the TCPA, "automatic telephone dialing system" means equipment which has the capacity—

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.
>
> 47 U.S.C. § 227 (a)(1)

11. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice

to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

12. Under the TCPA, a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C) both such actions.

If the court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227 (b)(3).

## VI. FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES

13. Under Florida Statute 501.204 (FDUTP), it is illegal to engage in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

14. Under Florida Statute 501.211 (FDUTP), anyone aggrieved by a violation of this

part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.

## VII. FACTUAL ALLEGATIONS

15. Before or around April of 2011, the Plaintiff noticed a charge off and balance being reported by the Defendant that he believed was incorrect.

16. During a phone call on October 28, 2010, Suncoast stated to the Plaintiff that the amount due on the account was $3,947.24.

17. Suncoast reported to the credit reporting agencies that the amount due was $2,699.00.

18. Around May of 2011, the Plaintiff disputed this item with Experian.

19. Around May of 2011, Experian reported that the account was verified.

20. The Defendant verified incorrect information, including but not necessarily limited to, the balance.

21. On June 8, 2011, the Plaintiff wrote a letter to Suncoast requesting an investigation/disputing an item on his credit report pursuant to FCRA 623.

22. On June 28, 2011, Suncoast wrote a letter to the Plaintiff stating "The Fair Credit Reporting Act (FCRA) places no duty on the Credit Union to provide you with the validation requested in your letter. "

23. On or around October 6, 2011, the Plaintiff purchased a pre-paid cell phone from T-Mobile USA, Inc.

24. On or around October 10, 2011, the Plaintiff activated the cell phone and was assigned phone number 813-500-0449.

25. From November 1, 2011 to November 28, 2011, the Defendant called the Plaintiff's cell phone using an ATDS for another party at least ten (10) times.

26. On December 7, 2011, the Plaintiff wrote an email with an attachment of a draft copy of this action to Ben Felder, counsel of Suncoast.

27. The draft copy receipt was acknowledged by Ben Felder on December 8, 2011 by way of email.

28. The draft copy of this action stated that Suncoast was calling the Plaintiff's cell phone with an ATDS and was in violation of the TCPA.

29. On January 26, 2012 the Plaintiff wrote Ben Felder, counsel for Suncoast another email reminding him Suncoast was in violation of the TCPA.

30. After the draft complaint was received on December 8, 2011, from December 8, 2011 to January 30, 2012, the Defendant called the Plaintiff's cell phone with an ATDS at least an additional nineteen (19) times.

31. The Defendant never had and does not have express consent to call any cell phone number of the Plaintiff's.

32.  The Defendant cannot produce a recording or application where the Plaintiff provided any cell phone number.

33.  On November 15, 2011, the Plaintiff stayed on the line in an attempt to determine who was calling him. The recording told the Plaintiff to stay on the line several times, then told the Plaintiff that there was no agent available and hung up. The recording never named the legal name of the company or the telephone number or address.

## VIII. FCRA VIOLATIONS

34.  By the Defendant verifying incorrect information with the credit reporting agencies, it violated the FCRA. 15 U.S.C. § 1681

35.  By the Defendant not allowing information to be disputed with them after the Plaintiff requested it in writing, the Defendant violated the FCRA. 15 U.S.C. § 1681

36.  By the Defendant not responding to a direct dispute from the Plaintiff within 30-45 days, the Defendant violated the FCRA. 15 U.S.C. § 1681

## IX. TCPA VIOLATIONS

37. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TCPA include, but are not limited to, the following:

38. The actions of the Defendant, individually and collectively, violated the TCPA.

39. By the Defendant calling the Plaintiff's cell phone at least ten (10) times with an automatic telephone dialing system or pre-recorded messages without express consent, the Defendant violated the TCPA. 27 U.S.C. § 227

40. By the Defendant calling the Plaintiff's cell phone at least nineteen (19) times with an ATDS or pre-recorded message without express consent after being notified they did not have express consent by way of a draft complaint, the Defendant willfully and knowingly violated the TCPA. 27 U.S.C. § 227

41. By the Defendant not announcing the legal name of the company, telephone number or address in the pre-recorded message, the Defendant violated the TCPA. 27 U.S.C. § 227

## X. FDUTP VIOLATIONS

42. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDUTP include, but are not limited to the following:

43. The actions of the Defendant violated the FDUTP.

44. By the Defendant denying the Plaintiff a right under the FCRA and deceptively telling the Plaintiff he had no rights proscribed by the FCRA requested by his letter, the Defendant engaged in a Deceptive and Unfair Trade Practice. Florida Statute 501

45. By the Defendant denying the Plaintiff's right under the FCRA, the Defendant engaged in an Unfair Trade Practice. Florida Statute 501

WHEREFOR, Plaintiff prays that a judgment be entered against the Defendant for the following:

(1) Actual damages, pursuant to FCRA, 15 U.S.C. § 1681n

(2) Statutory damages of $2,000, pursuant to FCRA, 15 U.S.C. § 1681n

(3) Punitive damages as the court sees fit, pursuant to FCRA, 15 U.S.C. § 1681n.

(4) Reasonable attorney's and court fees and costs, pursuant to FCRA, 15 U.S.C. § 1681n.

(5) Statutory damages of $5,000 and treble damages of $28,500, totaling $33,500, pursuant to TCPA 47 U.S.C. § 227(b)(3).

(6) Damages the court sees fit, pursuant to the FDUTP, Florida Statute 501.

(7) Reasonable attorney's and court fees and costs, pursuant to the FDUTP, Florida Statute 501.

(8) Injunctive relief.

(9) Such other and further relief that the Court deems just and proper.

Jason A. Gaza (Pro Se)
11628 Pilot Country Dr.
Spring Hill, FL 34610
813-758-4367
gizmosdaddy.gaza@gmail.com