**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Jason A. Gaza       )
    Plaintiff      )
            ) CIVIL ACTION
vs.           ) FILE NO. 8:12-cv-00291-MSS-TGW
            )
Suncoast Schools Federal Credit Union )
    Defendant     )

## MOTION FOR SANCTIONS FOR VIOLATING FEDERAL RULE OF CIVIL

## PROCEDURE 5.2 AND INCORPORATED MEMORANDUM OF LAW

Now comes the Plaintiff, Jason A. Gaza, Pro Se, with his Motion for Sanctions against

Defendant and Defendant's Counsel.

### BACKGROUND

   Plaintiff (hereinafter "Gaza") filed a motion to compel and a motion for sanctions.  (D.E.

36)  In addition, Gaza filed a second amended complaint.  Defendant (hereinafter "Suncoast")

was required to respond to the amended complaint.  In the response to the pleading, Suncoast

counter-claimed.  With the counter-claim, Suncoast attached exhibits.  The exhibits contained

very private information of Gaza's, including his birthdate, social security number, and alleged

account number for Suncoast.  Derek Angell contacted Gaza stating that he had filed an

emergency motion to redact.  Derek Angell filed more exhibits with this emergency motion, this

time with only the social security number redacted but still sensitive birthdate information and account number information remained not at all redacted.

## FEDERAL RULE OF CIVIL PROCEDURE 5.2

Federal Rule of Civil Procedure 5.2 states:

> (a) Redacted Filings. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

Suncoast's filing that is the subject of the emergency motion is unquestionably in violation of F.R.C.P. 5.2 because Suncoast did not redact everything except "the last four digits of the social-security number..."

Additionally, Suncoast's careless behavior continues with the subsequent filing where Defendant redacts the social security number but still does not redact everything except "the last four digits of the financial-account number" and "the year of the individuals birth" (See D.E. 39 Exhibit A and Exhibit B).

Gaza's financial privacy and future is very important to him. Suncoast's negligence has caused Gaza much worry and stress. Even more troubling to Gaza is the possibility that breach may be no accident, but may be retaliation for Gaza's Motion to Compel and Motion for Sanctions. The timing is impeccable. Suncoast's breach may ruin Gaza's financial security as

Gaza's private information was posted in a forum with public access and may possibly remain in cyberspace forever. Gaza will incur significant expense in monitoring the possible effects of this breach.

## MEMORANDUM OF LAW

Engeseth V. The County of Isanti, Minnesota, in the United States District Court of Minnesota found that F.R.C.P. 5.2 was violated after counsel released the social security numbers and dates of birth of several individuals. The Court ordered the following:

> "Because of the serious consequences of Moccio's conduct and the lack of judgment demonstrated by his actions, the Court imposes the following sanctions under its inherent power: Moccio is ordered to notify all injured individuals of the improper disclosure of their personal information, to provide each individual with individualized credit reports and credit monitoring, and to make a payment of $5,000 to the Second Harvest Heartland food bank.

> "These sanctions are meant to punish Moccio for his actions and to deter him from repeating those actions. The Court is deeply concerned with the harmful and widespread ramifications associated with negligent and inattentive electronic filing of court documents. Although electronic filing significantly improves the efficiency and accessibility of our court system, it also elevates the likelihood of identity theft and damage to personal privacy when lawyers fail to follow federal and local rules. The Court therefore imposes upon Moccio the costs associated with preventing identity theft for the harmed parties. The Court also orders Moccio to pay $5000 to the Second Harvest Heartland food bank so that he will keep in mind the interests and safety of dependent parties before he acts in the future.

The Plaintiff believes Defendant's counsel proceeded one step over because they violated F.R.C.P. 5.2 on two separate occasions. Gaza asks the Court to utilize its inherent power to sanction Defendant and provide similar sanctions to what the Engeseth Court provided. Some ideas for sanction that Gaza can imagine include: donation to charity, service that can monitor

for identity theft for no less than one year, monetary payment to Gaza, entry of default judgment against Suncoast, or ordering Defendant's counsel to community service.

## REVOCATION OF DEFENDANT'S COUNSEL'S CM/ECF PRIVILEDGES

On July 10, 2009, CM/ECF's software release 4.0.2 features were added to prevent violations complained of in this motion. The release notes state that a checkbox has to be checked next to a statement that "I understand that, if I file, I must comply with the redaction rules. I have read this notice." before users can log on. The release notes also state "In addition, the reminder question Have you redacted? was added to the final docket text review screen during docketing."

There is no excuse for the Defendant's counsel to, not once, but twice, submit sensitive information that should have been redacted before being filed with CM/ECF after the CM/ECF warnings. In Richard Phillip Kaufman V Internal Revenue Service, United States District Court for the District of Columbia, when a Plaintiff was "abusing their electronic filing privileges," their CM/ECF privileges were revoked. Accordingly the Plaintiff requests the honorable Court revoke the Defendant's counsel's CM/ECF privileges for at least a period of time if not permanently.

For the reasons set forth above, the Plaintiff moves the Honorable Court to Sanction the Defendant and the Defendant's Counsel and revoke the Counsel's CM/ECF privileges.

### Certification Pursuant to Local Rule 3.01(g)

Plaintiff has attempted to confer with Counsel via email in accordance with Local Rule 3.01(g) and Counsel has not gotten back to Plaintiff.

## Certificate of Service

I HEREBY CERTIFY that on July 9, 2012, a copy of this Motion for Sanctions was served on Derek Angell via email at DAngell@oconlaw.com.

Jason A. Gaza (Pro Se)
11628 Pilot Country Dr.
Spring Hill, FL 34610
813-758-4367
gizmosdaddy.gaza@gmail.com